UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


LEON MITCHELL                             CIVIL ACTION NO. 11-cv-0256

VERSUS                                    JUDGE FOOTE

WARDEN, LOUISIANA STATE                   MAGISTRATE JUDGE HORNSBY
PENITENTIARY


**REPORT AND RECOMMENDATION**

**Introduction**

Corporal Laura Sorrels with the mounted patrol division of the Shreveport police
department testified that she was patrolling on her bicycle one afternoon when she saw Leon
Mitchell ("Petitioner") standing near the Texas Street bridge watching a group of women as
they walked to the nearby Nicky's Restaurant.  Sorrels saw that Petitioner had his penis in
his hand and was moving his hand in a masturbatory fashion.  Petitioner made eye contact
with Sorrels as she rode past, but he did not immediately stop.  She approached Petitioner
and told him to "put it away," but he looked at her and continued to fondle himself.  She
ordered him again to put it away, and he did.  She then arrested Petitioner on a charge of
obscenity.  Tr. 61-65.

A Caddo Parish jury convicted Petitioner of the obscenity charge.  Petitioner, who had
a lengthy criminal history, was adjudicated a fourth-felony offender and received a multiple
offender enhanced sentence of life imprisonment without benefits.  Petitioner argued
unsuccessfully on direct appeal that his sentence was excessive.  State v. Mitchell, 969 So.2d

800 (La. App. 2d Cir. 2007), <u>writ</u> <u>denied</u>, 980 So.2d 708 (La. 2008).  Petitioner then filed a state post-conviction application in which he argued that (1) the evidence was insufficient to support his multiple offender adjudication and (2) counsel rendered ineffective assistance at the multiple offender hearing.  He now presents those same two issues in his federal habeas petition.  For the reasons that follow, it is recommended the petition be denied.

**Multiple Offender Adjudication**

Louisiana's multiple offender statute, La. R.S. 15:529.1, allows the district attorney to seek an enhanced punishment for the most recent conviction by establishing that the defendant is a recidivist.  After the obscenity conviction, the district attorney filed a bill of information charging Petitioner with being a fourth-felony offender. The bill identified convictions of aggravated sexual battery, unauthorized entry of a inhabited dwelling, unauthorized entry of a business, and the recent obscenity conviction.  All of these convictions had occurred within the 10-year window allowed by the statute.  Tr. 36-37.

Petitioner appeared with counsel before Judge Scott Crichton in response to the multiple offender bill.  Counsel waived formal arraignment, pleaded not guilty, and requested the 15 days allowed by law to study the matter.  He noted that Petitioner could face a life sentence, so "I want to take our time and do it right."  Tr. 88-89.  The court allowed that additional time for counsel to raise challenges, but proceeded to hear testimony that day from a police officer who testified that a fingerprint impression taken from Petitioner in the courtroom that day showed that he was the same person whose fingerprints were associated with the prior convictions.  Tr. 90-93.

When a followup hearing was held after the 15-day period, defense counsel stated, "I have reviewed the proposed filings and find no objection to them and have no other motions to file for the multiple offender hearing."  Counsel said he had "no response" to the State's argument that it had proved the three prior convictions within the 10-year period.  Tr. 96. The judge adjudicated Petitioner a fourth-felony offender; he noted that Petitioner was actually a fifth offender, but the statute did not contemplate that level.  Defense counsel argued for a lenient sentence in light of only one prior sex offense that had already received a serious sentence and the lack of a victim of the obscenity other than the police officer who made the arrest.  Tr. 100-01.

The trial court gave lengthy reasons for sentencing.  He noted that Petitioner had played the "name game" with authorities and used at least three different names in connection with various arrests.  Petitioner's convictions began in 1973 when he pleaded guilty to simple burglary and was sentenced to three years.  He was released on parole, but it was revoked.  By 1980, he had also pleaded guilty to attempted felony theft and criminal trespass.  There were also several arrests for a variety of crimes during those years. Petitioner was arrested for being drunk and disorderly once in 1980 and four times in 1981. He served time in 1982 for simple assault and again for being drunk.

Petitioner was convicted of aggravated sexual battery in 1983 based on an incident in which he digitally penetrated a three-year-old girl.  When the child was recovered, she was unconscious and suffering from hypothermia.  Petitioner was given a 15-year sentence.  He was released on parole four times between 1992 and 2001, with parole revoked each time.

Petitioner committed a number of crimes such as theft, criminal trespass, and unauthorized entry of an inhabited dwelling while on parole.  One of those convictions stemmed from Petitioner attempting to, at 2:15 a.m., enter a home through a window into a bedroom where two girls under 12 years old were sleeping.  One girl saw him and pushed him out the window, only to have him try again before being repelled again by the girl, who identified him as their neighbor.

Petitioner faced a multiple-offender enhanced sentence of between 20 years and natural life.  The court, after an extensive review of criminal history, prior punishments, and the nature of the various crimes, found Petitioner would almost certainly strike again if he were a free man.  He accordingly imposed a sentence of life imprisonment without benefits. Tr. 101-14.

**Ineffective Assistance of Counsel**

Petitioner argues that his attorney rendered ineffective assistance in connection with the multiple offender adjudication because counsel did not argue for a finding that Petitioner was only a second or third felony offender, which carried lesser sentences.  He also faults counsel for not adequately consulting with Petitioner before the hearing. To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different.  Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

The State's burden at the multiple offender hearing was set forth in State v. Shelton, 621 So.2d 769 (La. 1993).  The State had the initial burden to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken.  If the State met that burden, the defendant then had the burden to produce affirmative evidence of an infringement of his rights or a procedural irregularity in the taking of the plea.  If he met that burden, the burden of proving the constitutionality of the plea shifted to the State.  The State could meet that burden with a "perfect transcript" of the guilty plea that reflected a proper Boykin colloquy.  If the State introduced anything less, such as a guilty plea form or minute entry indicating Boykinization was conducted, the judge had to weigh the evidence to determine whether the State met its burden of proving the prior guilty plea was informed and voluntary and in compliance with Boykin.

The State met its initial Shelton burden when it validly proved Petitioner's identity and the prior offenses through fingerprint evidence and certified copies of the minutes in the cases.  Petitioner complained in his post-conviction application that counsel was ineffective because he did not require the State to also produce perfect transcripts of his prior guilty pleas.  The trial court observed that Petitioner had not pointed to a single legal defect that trial counsel could have raised to challenge the constitutionality of the prior guilty pleas and shift the burden back to the State to produce a perfect transcript or similar evidence. Furthermore, defense counsel testified in an affidavit that he reviewed the evidence related to the multiple offender hearing and found no defect that could be raised in a motion to quash.  Tr. 310.  The trial court, accordingly, denied the ineffective assistance claim.  Tr.

315-16.  The state appellate court issued a one-paragraph ruling in which it rejected the claim, noting that Petitioner did not point to any defect that made the adjudication factually insufficient.  Tr. 378.  The Supreme Court of Louisiana denied writs as follows:  "Denied. La. C. Cr. P. art. 930.3; State ex rel Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172."  Tr. 477.[1]

Petitioner repeats his conclusory arguments before this court that counsel should somehow have found a way to reduce his sentencing exposure.  He has yet, however, to point to any defects in the prior guilty pleas that are supported by the record and could have been raised by counsel.   Petitioner makes conclusory assertions that he was not properly Boykinized at the prior hearings and was not even represented by counsel at the prior guilty pleas.  That is quite an incredible claim, and it is not supported by anything in the state court opinions.

The most informative evidence on this point would be the minutes of the prior proceedings that were submitted as exhibits at the multiple offender hearing.  It does not appear, however, those exhibits were included in the state court record filed with the federal court.  (There are a list of the exhibits following the table of contents in Volume 1 of the

---

[1]The Supreme Court of Louisiana has held that claims of excessive sentence and ineffective assistance of counsel at sentencing are not cognizable on post-conviction review.  See Meline and State v. Thomas, 19 So.3d 466 (La. 2009).  The State has not raised a procedural bar defense based on this last reasoned state-court opinion, and the court will not raise his sua sponte since it is much simpler to deny the claims on the merits in this case.  A procedural default defense has been sustained, however, in a similar case.  McKeaver v. Cain, 2013 WL 1402365 (W.D. La. 2013).

record, but it does not appear the actual exhibits were filed.)  Exhibits, such as photos, guns, and drugs, are usually not filed into the federal habeas proceedings, but counsel for the State should in a case such of this, where there is a challenge to the propriety of a multiple offender adjudication,  file the critical minutes or, if they are in the record, cite to them.  It is not too late to do so during the objections that follows this recommendation.

One of the three prior convictions (aggravated sexual battery) came after trial (Tr. 106), so there are no concerns about the propriety of a guilty plea in that case.  With respect to the other two, the State represented in a brief filed in state court that the minutes of each plea "indicate that petitioner was represented by counsel and that 'THE COURT INFORMED THE DEFENDANT OF HIS CONSTITUTIONAL RIGHTS AS PER BOYKIN VS. ALABAMA (SEE COURT REPORTER'S TRANSCRIPT)." Tr. 301.  The state court, presumably with the benefit of the complete record, found that there were no defects in the prior guilty pleas.

"[A] determination of a factual issue made by a State court shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e).  Petitioner has not offered any competing evidence, only the same conclusory assertions that the state court rejected.  Based on what is available in the record, and considering the heavy burden on Petitioner in this habeas proceeding, the undersigned finds no basis to overturn the state court finding that the prior pleas were entered with counsel and in compliance with Boykin.

Petitioner's claim of ineffective assistance of counsel was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007).  The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it.  The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009). "If this standard is difficult to meet, that is because it was meant to be."  Harrington v. Richter, 131 S.Ct. 770, 786 (2011).

Petitioner has not come close to satisfying the demanding standard of Section 2254(d). The state court's rejection of Petitioner's Strickland claim was quite reasonable given his inability to show the existence of any defect in the prior guilty pleas or other defenses that counsel might have raised.  The state court's decision was not an objectively unreasonable application of Strickland, so this claim must be denied.

**Sufficiency of the Evidence**

Petitioner also claims the evidence was insufficient to establish his multiple offender status.  The State offered the traditional testimony of a fingerprint expert to connect Petitioner to the prior convictions.  Petitioner argues that the record is silent, however, concerning what he styles the "remaining requirements" of La. R.S. 15:529.1(F), which states that the certificate of the warden or other chief officer of a prison or jail, or of the clerk of court, containing the name of the person in prison, a photograph, and the fingerprints of the

person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge, shall be prima facie evidence of the imprisonment and of the discharge of the person.

Prima facie proof of a prior conviction may be established by compliance with La. R.S. 15:529.1(F), but that is not the exclusive method; any competent evidence may be used to establish such proof. State v. Moten, 510 So.2d 55,  63 (La. App. 1st Cir. 1987).  "Proof of identity can be established through a number of ways, including expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding." State v. Lomax, 81 So.3d 788, 791 (La. App. 4th Cir. 2011).  See also State v. Payton, 810 So.2d 1127 (La. 2002) (discussing acceptable forms of proof).

The state court rejected Petitioner's claim that the evidence was insufficient. It noted that the State proved Petitioner's identity and prior offenses through analysis of the fingerprints on the bills and the certified copies of the minutes in each case.  Petitioner did not raise the issue of identity or invalid guilty pleas at the hearing.  Tr. 316.

Section 529.1(D)(1)(b) states that "the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact."  The constitutional sufficiency of the evidence standard of Jackson v. Virginia, 99 S.Ct. 2781 (1979), most often applied to test convictions, asks whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  The Jackson standard has been applied in at least some habeas challenges to the sufficiency of the evidence in a multiple offender hearing.

Warfield v. Warden, 2012 WL 3067604 (W.D. La. 2012); French v. Estelle, 692 F.2d 1021 (5th Cir. 1982).  Assuming that standard applies in habeas review, the State met it in this case with the fingerprint testimony.  The state court's rejection of this claim was not an objectively unreasonable application of Jackson or any other clearly established Supreme Court holding.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of January, 2014.

Mark L. Hornsby
U.S. Magistrate Judge