PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. SECTION 2254

Prisoner's Name:            Leon Mitchell

Prison Number:              #108346

Place of Confinement        Louisiana State Penitentiary,
                            Angola, Louisiana


IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| **LEON MITCHELL, # 108346** | **CIVIL ACTION NO: 5:11-CV-0256 SEC P** |
| **PETITIONER** | |
| **VS.** | **JUDGE FOOTE** |
| **WARDEN BURL CAIN,** | **MAGISTRATE JUDGE HORNSBY** |
| **LA. STATE PENITENTIARY** | |
| **RESPONDENT.** | |

_____

**STATE'S RESPONSE TO PETITIONER'S RESPONSE
TO MEMORANDUM ORDER DATED OCTOBER 8, 2014**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

_____

| | |
|---|---|
| **LEON MITCHELL, # 108346** **PETITIONER** | **CIVIL ACTION NO: 5:11-CV-0256  SEC P** |
| **VS.** | **JUDGE FOOTE** |
| **WARDEN BURL CAIN** **LA. STATE PENITENTIARY** **RESPONDENT.** | **MAGISTRATE JUDGE HORNSBY** |

_____

## TABLE OF AUTHORITIES

Cases ........................................................................................................................ Page
*Dison v. Whitley,* 20 F.3d 185, 187 (5th Cir. 1994) ................................................... 4, 5

*Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed. 245 (1988) ............. 2, 5

*Medley v. Thaler*, 660 F.3d 833, 837 (5th Cir. 2011) ................................................. 4, 5

*Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) ................................................. 4

*Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998) ............................................................. 2

*Thompson v. Rasberry,* 993 F.2d 513, [515] (5th Cir. 1993) ...................................... 4, 6

*United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143 (10th Cir.), *cert. denied,*
     543 U.S. 1005, 125 S.Ct. 624, 160 L.Ed.2d 466 (2004) ........................................ 3, 4

Statutes
28 U.S.C. §1746 ........................................................................................................ 3, 4

28 U.S.C. §2107(a) ........................................................................................................ 1


Rules
Federal Rule of Appellate Procedure 4(a)(1)(A) ........................................................... 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LEON MITCHELL, # 108346<br>    PETITIONER | CIVIL ACTION NO: 5:11-CV-0256  SEC P |
| VS. | JUDGE FOOTE |
| WARDEN BURL CAIN,<br>LA. STATE PENITENTIARY<br>    RESPONDENT. | MAGISTRATE JUDGE HORNSBY |

### STATE'S RESPONSE TO PETITIONER'S RESPONSE TO MEMORANDUM ORDER DATED OCTOBER 8, 2014

On March 28, 2014, this Honorable Court issued a Judgment adopting the Magistrate's Report and Recommendation, denying the petition for *habeas corpus* and certificate of appealability submitted by Leon Mitchell (hereinafter, referred to as "Petitioner"). Thereafter, Petitioner sought an appeal to the United States Court of Appeal for the Fifth Circuit. In an Order dated August 18, 2014, the Fifth Circuit Court noted that the Petitioner's notice of appeal was dated April 9, 2014, but stamped as filed on May 1, 2014. As the district court entered judgment on March 28, 2014, pursuant to 28 U.S.C. §2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), Petitioner must have filed his appeal within thirty days of this judgment – by April 28, 2014. Because the Fifth Circuit could not determine whether Petitioner deposited this notice of appeal by the deadline of April 28, 2014, they remanded to this Court to make a determination regarding the timeliness of this notice of appeal. On October 27, 2014, Petitioner filed a Response to Memorandum Order and the State of Louisiana now responds.

In support of Petitioner's claim that his appeal from this Court's decision was timely, he has attached various documents, including a Notice of Intent to Appeal, which is signed April 9,

1

2014. He further alleges in his Response to Memorandum Order that at some time prior to April 28, 2014, he deposited his notice of appeal in the mailbox used for federal district courts. He further specifies that Inmate Banking returned his *in forma pauperis* application that was certified on April 16, 2014, and that this was included in his notice of appeal to the Fifth Circuit. Notably, Petitioner states that he deposited this notice of appeal "prior to April 28" but does not offer any specific date on which this occurred – or any proof, such as a prison log to establish that this filing occurred on or before this date. Since Petitioner's application to proceed *in forma pauperis* is certified on April 16, 2014, the State will assume logically that the notice of intent was deposited in the prison mail at some time after April 16, 2014.

Petitioner further contends that he was not given a receipt when he used the inmate mailing system, and therefore, cannot show the date it was deposited into the prison mailing system. In continued support for his assertion that this notice of appeal was timely, he cites to *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed. 245 (1988), which establishes the prison mailbox rule: that a prisoner's *pro se* notice of appeal is "filed" at the moment of delivery to prison authorities for forwarding to the district court.[1] However, Petitioner's contention that he "dropped" his appeal in the public mailbox and his assertion that it must have been "on or before" April 28, 2014 – without any evidence in support of this statement - would lead to an untenable proposition where courts must constantly determine a petitioner's unsubstantiated claims regarding the date of prison mailing.

---

[1] It is well established in the Fifth Circuit that a petitioner's *habeas* petition is "filed" for purposes of determining applicability for AEDPA when the prisoner tendered the petition to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

However, the holding in *Houston v. Lack, supra*, makes clear that the U.S. Supreme Court already considered and dealt with this very issue. As the Court enunciated in *Houston*, "The *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox - he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Id.,* 487 U.S. at 275. Petitioner has not submitted any proof from the Angola prison log regarding the date or time that he mailed this notice.

In an attempt to cure this defect, Petitioner has attached a declaration pursuant to 28 U.S.C. §1746, claiming that on or before April 28, 2014, he deposited his signed notice of appeal and *in forma pauperis* application to the Clerk of Court for the United States District Court, Western District of Louisiana. Petitioner does not cite to any authority for his claim that a 28 U.S.C. §1746 declaration is sufficient or even appropriate in this scenario. A review of jurisprudence from the Seventh Circuit Court of Appeal and the Tenth Circuit Court of Appeal reveals that a sworn declaration pursuant to §1746 has been used when the prison mail log is insufficient if two requirements are met: that Petitioner "submit a declaration [in compliance with 28 U.S.C. §1746] or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." *United States v. Ceballos–Martinez,*

3

387 F.3d 1140, 1143 (10th Cir.), *cert. denied,* 543 U.S. 1005, 125 S.Ct. 624, 160 L.Ed.2d 466 (2004); *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). [2]

In the instant matter, Petitioner has failed to attest to the date of deposition and has failed to attest that either the first-class postage was pre-paid or that he used indigent mail. Petitioner merely offers up a claim that the notice was placed in the mail "on or before" April 28, 2014 – the date which the U.S. Fifth Circuit announced as the deadline in its Order – without naming a specific date and without providing any written support thereof from the prison mailing system. Moreover, under the jurisprudence of these Seventh and Tenth Circuit rulings, Petitioner bears the burden of proof in this matter. *United States v. Ceballos–Martinez,* 387 F.3d at 1143.

The "mailbox rule [does] not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner." *Dison v. Whitley,* 20 F.3d 185, 187 (5th Cir. 1994) (quoting, *Thompson v. Rasberry,* 993 F.2d 513, [515] (5th Cir. 1993)) Accordingly, "[f]ailure to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail does not constitute compliance with this standard' and thereby does not entitle one's submission to the benefits of the mailbox rule. (*Dison,* 20 F.3d at 187, (quoting, *Thompson,* 993 F.2d at 514) (emphasis removed and internal quotation marks omitted)." *Medley v. Thaler*, 660 F.3d 833, 837 (5th Cir. 2011).

---

[2] Notably, the State can find no instance where a declaration pursuant to §1746 was used in this context of determining prison mailing requirements where the prison mail system was found to be insufficient within controlling Fifth Circuit jurisprudence.

*Medley v. Thaler*, 66 F.3d 833, is both instructive on this issue and distinguishable from the instant matter. In *Medley*, the Fifth Circuit Court of Appeal, on rehearing, found that the petitioner's writ of *habeas corpus* was filed timely for AEDPA purposes under the prison mailbox rule. The petitioner in *Medley* had attempted to file a writ of *habeas corpus,* but the writ was returned by prison officials for the prisoner's failure to comply with a later determined, non-existent regulation. The *Medley* Court found it important that in addition to the petitioner's appeal, the petitioner submitted to the court dated letters to the prison mail room requesting a withdrawal slip from his inmate account to pay for the filing fee of the writ. The petitioner also submitted internal documents from prison mailing (i.e., the prison mail log) dated appropriately within the time limits of his writ, requesting inmate withdrawal for his request. The petitioner's writ was later returned from the prison mail room for non-compliance with the withdrawal of filing fee and the petitioner submitted to the court exhibits of dated letters evidencing the fact that he had continued to inquire about the proper procedure for mailing and filing his petition and filing fee. Notwithstanding all these attempts, eventually the petitioner found someone outside of the prison, his mother, to mail the petition and pay his filing fee.

In *Dison v. Whitley*, *supra*, the petitioner filed an appeal from dismissal of his petition for *habeas corpus* that was received by the district court after the thirty-day period for filing an appeal. The Fifth Circuit Court of Appeal remanded the petitioner's case to the district court for a determination of whether petitioner timely filed under the exception to the general filed-upon-receipt rule announced by the Supreme Court in *Houston v. Lack, supra*. The *Dison* Court determined that the petitioner had given his appeal to prison officials seven days before the deadline; however, he had not affixed a pre-paid stamp to the mail and could not avail himself of indigent mail, pursuant to prison procedure, because he had sufficient funds within his account to

mail the letter. The *Dison* Court, quoting *Thompson v. Rasberry*, *supra*, found that in failing to stamp his outgoing mail – as in failing to properly address the mail or failing to follow "reasonable prison regulations" governing prisoner mail, this failure does not constitute reasonable compliance with standard of the prison mailbox rule.

Petitioner has ultimately failed to prove to this Honorable Court with any tangible evidence that this notice of appeal was filed by April 28, 2014. Petitioner has failed to give this Court any evidence in the form of a mail log or letters from Louisiana State Penitentiary that would indicate the date he "filed" this notice pursuant to the prison mailbox rule. Rather, Petitioner merely alleges that he does not receive a receipt when he uses the prison mail, and therefore, cannot show proof of the date he mailed this notice of appeal. Nor did Petitioner ever correctly date the notice of appeal at the time he delivered it to prison officials, as evidenced by the fact that multiple dates - April 9, 2014, and April 16, 2014 - appear on either the notice of appeal or the *in forma pauperis* application, revealing that multiple days passed between the completion of this notice of appeal and the certification of the *in forma pauperis* application.

Ultimately, Petitioner has only asserted that the prison mail system at Angola is deficient and that he mailed the notice during a range of dates "on or before" the deadline that the Fifth Circuit clearly announced in its Order. Given Petitioner's repeated protestations to this Court regarding the deficiency of Angola's prison mail system, one would assume that Petitioner would have taken every precaution to ensure correctly dated and documented mail or mail logs. The State would respectfully request that given the dearth of any factual evidence that this matter was timely, and a dearth of any letters or documentation in support thereof as compared with *Medley v. Thaler, supra*, that this Court dismiss the notice of appeal as untimely.

6

WHEREFORE, the State of Louisiana prays that Petitioner's appeal from this Court's dismissal of writ of *habeas corpus* be denied as untimely.

Respectfully submitted.

*s/Suzanne M. Owen*
SUZANNE M. OWEN

# C E R T I F I C A T E

I HEREBY CERTIFY that a copy of the foregoing Response has been mailed to Leon Mitchell, #108346, Louisiana State Penitentiary, Angola, Louisiana, 70712, this 6th day of November, 2014.

*s/Suzanne M. Owen*
SUZANNE M. OWEN