UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LEON MITCHELL                          CIVIL ACTION NO. 11-cv-0256

VERSUS                                 JUDGE WALTER

WARDEN, LOUISIANA STATE                MAGISTRATE JUDGE HORNSBY
PENITENTIARY

## REPORT AND RECOMMENDATION

**Introduction**

Leon Mitchell ("Petitioner") was arrested on a charge of obscenity after a female

police officer witnessed him fondling himself in downtown Shreveport.  A jury returned a

verdict of guilty.  Petitioner, who has a lengthy criminal history, was adjudicated a fourth-

felony offender and received a multiple offender enhanced sentence of life imprisonment.

He exhausted his state court remedies and sought federal habeas relief on the grounds that

the evidence was insufficient to support his multiple offender adjudication and that counsel

rendered ineffective assistance at the multiple offender hearing.  This court denied relief on

the merits and denied a COA.

Petitioner filed a notice of appeal.  The Fifth Circuit could not determine from the

record whether Petitioner delivered his notice of appeal to prison officials for mailing before

his deadline of April 28, 2014.  It remanded the case for this court to make a determination

and to return the case to the appellate court for further proceedings, or dismissal, as may be

appropriate.  For the reasons that follow, it is recommended that this court find that the available evidence indicates Petitioner did timely submit his notice of appeal.

**The Mailbox Rule**

The Federal Rules of Appellate Procedure require the notice of appeal in a civil case be filed with the clerk of the district court within 30 days after the entry of the judgment being appealed.  The Supreme Court held in <u>Houston v. Lack</u>, 108 S.Ct. 2379 (1988) that a pro se prisoner's notice of appeal from the denial of his habeas petition was timely when the prisoner "delivered the notice to prison authorities for forwarding to the District Court."  The Court recognized that prisoners cannot travel to the courthouse or take other steps to ensure that their notice of appeal is filed timely; they have no choice but to entrust the forwarding of the notice to prison authorities whom the prisoner cannot control or supervise and who may have every incentive to delay.

The <u>Houston</u> decision was the basis for new appellate rule 4(c) that was added a few years later.  It provides: "If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

**The Evidence**

The final day for Petitioner to file a timely notice of appeal was Monday, April 28, 2014.  Plaintiff prepared both a notice of appeal and a motion/affidavit to proceed in forma pauperis on appeal.  The notice of appeal included Petitioner's signed certificate that a copy had been served on the State by placing a copy "in the penitentiary's electronic mail system, properly addressed and postage prepaid on this 9 day of April, 2014."  The motion/affidavit to proceed IFP was also hand-dated April 9, 2014.  It was accompanied by a "Certificate of Account" completed by a prison official who certified the amount in Petitioner's prison account.  The official hand-dated the certificate April 16, 2014.  The document was also stamped as certified with the printed date of April 16, 2014.

The clerk of court and officials at the Louisiana State Penitentiary agreed in January 2012 that prisoners could submit filings to this court by delivering them to prison officials, who would scan the documents and email them to the clerk of court.  The program creates efficiencies for all interested parties.  The record shows that prison officials, on May 1, 2014 (three days after the April 28 deadline) scanned and emailed both Petitioner's motion/affidavit to proceed IFP (Doc. 21) and his notice of appeal (Doc. 20).  The first page of the two-page motion is stamped with an indication that five pages were "SCANNED at LSP and Emailed" on May 1, 2014.  The page is also stamped: "RECEIVED May 01, 2014 Legal Programs Department."  The three-page notice of appeal does not include any such stamps on it, but the Clerk of Court has maintained the email record from May 1, 2014 and has verified that the two documents were emailed together on May 1, 2014.

The undersigned issued an order (Doc. 25) and allowed the parties an opportunity to file all receipts, records, affidavits, declarations, or other evidence that may be relevant to when Petitioner delivered the notice of appeal to prison officials.  Petitioner made submissions (Docs. 26-28).  He included an (unsworn) statement in which he apologized for the troubles regarding his notice of appeal but says it is not his fault because he gave the notice "to the people who work here" and he "cannot go up there to work the electronic filer."  He also included a declaration pursuant to 28 U.S.C. § 1746 in which he declared under penalty of perjury that "on or before the 28th day of April, 2014, I deposited in the prison mailbox, a signed and dated copy of my Notice of Appeal and Forma Pauperis Application to be sent to the Clerk of Court for the United States District Court, Western District of Louisiana."  Petitioner added that it was "through no fault of my own, and the inadequacy of the prison legal mail system" that the court did not receive his submissions until May 1, 2014.  Petitioner stated in his memorandum/response that he deposited his filings in the mailbox "when Inmate Banking returned his forma pauperis application to him after being certified on April 16, 2014."  Petitioner represented that he received no receipt from the deposit of his mail in the mailbox, which is "used both for prison's regular mail and legal mail, where it is assumed that a prison employee picks the mail up every weekday."

The State does not offer any competing evidence.  It does argue, however, that Petitioner's lack of prison mail logs or other information, and the lack of testimony or evidence of a specific date he delivered his filings, undermines his claim of a timely submission.

**Analysis and Conclusion**

The Houston v. Lack majority envisioned that prison authorities to whom mail was tendered would have "well-developed procedures for recording the date and time at which they receive papers for mailing" so that they could "readily dispute a prisoner's assertions that he delivered the paper on a different date."  It was envisioned that such contests would be a "straightforward inquiry" that made the filing date turn on a "bright-line rule, not an uncertain one."  Houston, 108 S.Ct. at 2384.  There is no evidence that prison authorities at the Louisiana State Penitentiary have such well-developed procedures for determining when a prisoner tenders legal mail.  If there are such procedures, which Petitioner denies, the State has not submitted evidence of them.

Rule 4(c) provides that: "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."  Petitioner's declaration does not assert the particular date he deposited his documents with prison officials, so it is not in strict compliance with that provision.  The rule does not, however, preclude other forms of evidence of timeliness.  It simply provides a simple way that the prisoner "may" show timeliness.

The universe of available facts include the indications that Petitioner prepared signed and dated his filings on April 9, a full 19 days before the deadline, and that he received his account certification on April 16, still 12 days before the April 28 deadline.  Petitioner declares, under penalty of perjury pursuant to Section 1746, that he then delivered his filings

Page 5 of  7

to the prison mailbox on an unspecified date between April 16 and April 28.  His evidence is not overwhelmingly specific, but it appears that it is all of the evidence that exists on this issue.

There is no evidence to indicate Petitioner submitted the documents to prison officials after Monday, April 28 except for the evidence that prison officials did not email the filings to the clerk of court until Thursday, May 1, 2014.  That prison officials did not email the documents until three days after the deadline is not dispositive or particularly indicative of when Petitioner submitted the documents to the officials.  When Petitioner submitted his declaration regarding this timeliness dispute, he dated it October 24, 2014 in two separate places.  Prison officials did not stamp the documents as received, scanned, and emailed until October 27, 2014, a full three days later.

Given the available evidence, it appears Petitioner has satisfied his burden of showing that he delivered his notice of appeal to prison officials for delivery to the clerk of court on or before the April 28, 2014 deadline.  This court should enter a finding that the notice of appeal was timely filed, and it should return this case to the Court of Appeals for further proceedings.

Accordingly,

**IT IS RECOMMENDED** that the court find that Petitioner delivered his notice of appeal to prison officials on or before the April 28, 2014 deadline so that his notice of appeal was timely.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of November, 2014.



Mark L. Hornsby
U.S. Magistrate Judge